UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY Case No. 14-42107 |
| | Chapter 11 |
| **Sky Ventures, LLC,** | |
| | MEMORANDUM OPINION |
| | AND |
| | ORDER |
| Debtor. | |

_____

At Minneapolis, Minnesota, December 23, 2014.

This matter came before the Court on September 3, 2014, upon the request of MacGillivray Ranch, LLC ("MacGillivray"), lessor of nonresidential real property formerly used by Sky Ventures, LLC ("Debtor"), for an order resetting the rejection date of the lease between them, from May 14, 2014 to July 15, 2014, and for an order allowing MacGillivray an administrative claim for post-petition rent and other lease obligations.  Margie R. Bodas appeared on behalf of MacGillivray.  Ralph V. Mitchell appeared for the Debtor.  After the presentation of oral argument, the Court ruled that the rejection date would remain unchanged.  Therefore, based on the Debtor's unopposed motion, the rejection date was set at May 14, 2014, the date Sky Ventures filed its voluntary petition under chapter 11.  After some discussion, the Court allowed the parties, in their discretion, to submit supplemental briefing on the issue of whether MacGillivray should be entitled to an administrative claim.  Both parties did so, and the matter is now ready for disposition.

This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) and (M); this Court has jurisdiction under 28 U.S.C. §§ 157(a) and 1334.  MacGillivray's motion arises under 11 U.S.C. § 365(d)(3); Fed. R. Bankr. P. 9014; and Local Rules 3002-2, 5005-1, 9006-1, 9013-1,

1

9013-3, and 9017-1.  For the reasons set forth below, the Court sustains the objection of the Debtor to the request of MacGillivray for the allowance of post-petition rent as an administrative expense.

**Background**

Sky Ventures, LLC filed for relief under chapter 11 of the Bankruptcy Code on May 14, 2014.  The Debtor was involved in the Pizza Hut franchise business.  At the time of the petition, the Debtor owned sixteen locations in Iowa, Minnesota, and Wisconsin.  All locations were leased.  Of the sixteen locations, the Debtor was operating only six of them.  The primary purpose of the filing was to conduct a § 363 sale and either reject or renegotiate a master lease agreement with an entity named Spirit Master Funding, LLC.

On June 27, 2014, the Debtor filed a "Motion for Order under 11 U.S.C. §§ 105(a) and 365(a) and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Lease of Nonresidential Real Property with MacGillivray Ranch, LLC."  ECF No. 80.  The lease concerned property in Golden Valley, Minnesota, that had been used as a Kentucky Fried Chicken restaurant.  The business had been closed some time prior to the filing of the petition.  By its own admission, the Debtor was delinquent in the payment of the rent as provided for under the terms of its lease.  The term of the lease was through October 31, 2015.  All parties agree that the lease qualified as an unexpired nonresidential real property lease under § 365.

The motion sought an order from the Court regarding the following:  1) rejection of the lease; 2) setting a retroactive date for rejection of the lease to May 14, 2014, the date of the petition; and 3) setting a claims bar date for rejection damages as thirty days from the date of the order approving the rejection motion.

The motion was served upon MacGillivray by both FedEx and regular first class mail at the address shown for MacGillivray in the lease agreement: 225 Los Robles, Templeton, CA 93465. The hearing scheduled for this motion was set for July 15, 2014. Pursuant to Local Rule 9006-1(c), any party could object to the relief sought in the motion by filing an objection five days before the hearing date – in this case, July 10, 2014. There were no objections filed to the Debtor's motion. As a result, on July 15, 2014, the Court entered an order approving all of the relief sought by the Debtor in its motion. *See* ECF No. 89. By its terms, the order approved the rejection of the lease "pursuant to 11 U.S.C. § 365 as of May 14, 2014." *Id.* The order also allowed MacGillivray "to take immediate possession and control of the Rental Property and is not required to seek stay relief in order to possess, sell, re-let, or in any way control of the Rental Property." *Id*. It also waived the fourteen-day stay provisions of Fed. R. Bankr. P. 6004(h) and Fed. R. Bankr. P. 6006(d). *Id.* Finally, the order required MacGillivray to file any claim "relating to the Lease" within thirty days of the entry of the order. *Id*.

MacGillivray did not appeal the order. On August 12, 2014, however, it filed a "Motion to Allow Administrative Claim and to Reset Effective Date of Rejection of Lease," ECF No. 101, asking that the rejection date be changed from May 14, 2014 to July 15, 2015, and requesting an administrative claim for post-petition rents and other assessments totaling $36,629.89.

The Debtor objected to the request of MacGillivray; it contended that MacGillivray was not entitled to an administrative claim; that any claim it may have would be a claim for pre-petition contract damages; and because it failed to file a claim within thirty days of the order allowing rejection, it was also barred from claiming those damages as an administrative claim.

3

MacGillivray filed a proof of claim on September 15, 2014. The total amount claimed is $51,130.21 for "unpaid rent, taxes and utilities on commercial lease." Claims Register No. 33-1.

**Discussion**

The dispute between MacGillivray and the Debtor revolves around the "interplay" between §§ 365, 502, and 503 of the Bankruptcy Code. It is clear that the Debtor had an unexpired lease of nonresidential real property with MacGillivray. On June 27, 2014, in the exercise of its sound business judgment, the Debtor filed a motion to reject the lease, and requested the effective date for such rejection be set at May 14, 2014, the date the petition for relief was filed. No party resisted the motion. Thereafter, on July 15, 2014, the Court entered its order approving the rejection. ECF No. 89.

Generally speaking, § 365 of the Bankruptcy Code provides special treatment for a debtor's executory contracts and unexpired leases, providing rights and powers not available to the debtor outside of bankruptcy:

> A trustee or debtor in possession has the right to reject executory contracts and unexpired leases, subject to the approval of the bankruptcy court. When rejection is approved during the bankruptcy case, the nondebtor party is likely to have sustained damages that give rise to a claim against the debtor. It would be unjust to permit rejection of executory contracts and leases without permitting the nondebtor party, who has been damaged by the rejection, to have a claim for damages in the bankruptcy case. Thus, when rejection of a contract or lease is approved during a bankruptcy case, even long after the case has been commenced, Code § 502(g) gives the nondebtor party a claim arising out of such rejection subject to normal allowance or disallowance rules; this claim is allowed and damages are determined as if it had arisen immediately before the date of the filing of the petition. A rejected contract is considered to have been breached prior to the commencement of the bankruptcy case, thus leaving the nondebtor party with a general unsecured claim for contract damages.

Nancy C. Dreher et al., *Bankruptcy Law Manual* § 6:26 (5th ed. 2014) (footnotes omitted).

In a chapter 11 case, the debtor-in-possession has an obligation to perform its obligations under an unexpired lease of nonresidential real property.[1] The date of rejection, per force, becomes all-important as it relates to the entitlement of the non-debtor party to the lease to claim damages. Here, MacGillivray is claiming an administrative claim for rent and other assessments all coming due post-petition – May 14, 2014 to July 15, 2014.[2] However, its claim can be allowed only if the rejection date is determined to be July 15, 2014. The Court has already determined that the rejection date is May 14, 2014. MacGillivray had notice of the Debtor's motion seeking rejection. It did not respond. It did not appeal. It cannot now be heard to complain that its rights have been violated.

MacGillivray argued that an evidentiary hearing was necessary to determine the correct amount of damages to which it is entitled because the Debtor failed to abandon or turn over the property to MacGillivray by the rejection date. Toward that end, it pointed to a letter from counsel for the Debtor dated June 30, 2014, which states, "Sky Ventures, LLC has rejected your lease effective June 30, 2014. You are free to take immediate possession and control of the premises." MacGillivray Affidavit, Exhibit D, ECF No. 101. However, that is not what happened. The Debtor actually requested the Court to set the rejection date at May 14, 2014. That motion was filed and served on June 27, 2014. ECF No. 80.

---

[1] *See* 11 U.S.C. § 365(d)(3) ("The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lese of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.").

[2] The total amount claimed is $36,629.89, consisting of a claim of $20,889.08 (June and July rent); $15,240.81 (past due real estate taxes); and $500.00 (weed abatement due city of Golden Valley, Minnesota). *See* MacGillivray Affidavit, ¶¶ 9, 11, ECF No. 101.

In addition, the motion requested that "the Landlord be permitted to take immediate possession and control of the Rental Property and not be required to seek stay relief in order to possess, re-let, or in any way control the Rental Property." The motion also asked that the fourteen-day stay period of Fed. R. Bankr. P. 6004 and 6006 be waived. ECF No. 80, ¶ 11.

The Debtor, in its supplemental brief, points out that any claim for an administrative claim under 11 U.S.C. § 503(b) must necessarily, by definition, be considered as post-petition. A review of the various subcategories of such claims under that Code section would suggest that is indeed the case. The Debtor cites to *Burival v. Roehrich (In re Burival)*, 406 B.R. 548 (B.A.P. 8th Cir. 2009), *aff'd*, 613 F.3d 810 (8th Cir. 2010). In that case, the Eighth Circuit ruled that the debtors were required, under § 365(d)(3), to timely perform their obligations under the unexpired, nonresidential real property lease. *Id*. at 812. The court went on to state that § 365(d)(3) is unambiguous: it creates a bright-line rule – the debtor or trustee must timely perform all post-petition, pre-rejection obligations as they become due, with no need for proration. *Id*. at 813. *See also GE Capital Commercial, Inc. v. Sylva Corp., Inc. (In re Sylva Corp.)*, 519 B.R. 776, 780 (B.A.P. 8th Cir. 2014) ("Both sections [365(d)(3) and 365(d)(5)] require the trustee (or debtor-in-possession) to timely perform all post-petition obligations of the debtor under unexpired leases until such time as the lease is assumed or rejected." (footnote omitted)). In *Burival*, the debtors' failure to perform their statutory obligation to timely pay rent that became due under the crop lease during the interval between the entry of the order for relief and their rejection of the lease resulted in a claim in favor of the lessor, thereby entitling the lessor to an administrative expense claim without the need to demonstrate any benefit to the debtors or the estate. *In re Burival*, 613 B.R. at 812.

The issue before the Court is not whether MacGillivray may properly assert a "*Burival*" claim; rather, it is whether MacGillivray is precluded from advancing its claim because of the Court's prior order, one to which MacGillivray neither objected to, nor appealed from. Neither should the issue of the proper date for rejection be revisited. As pointed out in the *Bankruptcy Law Manual*, § 6:26, "[i]n determining the effective date of rejection, a number of courts have approved rejection retroactively to the date of the filing of the rejection motion." *Bankruptcy Law Manual*, § 6:26, n. 6. The fact of the matter is that MacGillivray, upon receiving proper advance notice of the Debtor's motion, did nothing. It did not file a response; nor did it appeal the Court's order entered July 15, 2014, regarding the rejection motion. As such, the order became final. MacGillivray cannot now be heard to complain.

MacGillivray also requests that the Court reconsider, under Federal Rule of Bankruptcy Procedure 9024, that same order. Rule 9024 provides, in pertinent part, that "Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion . . . for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2)[.]" Fed. R. Bankr. P. 9024. While MacGillivray argues that the Court's prior order is not final, it maintains that the Court should effectively reconsider the rejection motion based on MacGillivray's allegation regarding the mistake, inadvertence, or misrepresentation by the Debtor. Although not clearly articulated as such, MacGillivray's assertion implicates Civil Rules 60(b)(1) and Rule 60(b)(3), the latter of which has a heightened standard of proof.

As an initial matter, MacGillivray's request for relief under Rule 60 is not procedurally proper since it was requested in supplemental briefing, and not through a separate motion as

required by Rule 60(b).  *See, e.g.*, Local Rule 9006-1 (time periods for service and filing); Local Rule 9013-1 (motion practice); and Local Rule 9013-2 (motion documents).

But even on the merits, and aside from the procedural deficiencies (and MacGillivray's "not a final order" assertion), Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that "[o]n *motion* and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ. P. 60(b)(1) (emphasis added).  The Supreme Court, in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), stated that the determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Id*. at 395.  The factors to be considered include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id*.  For the reasons already articulated above, Rule 60(b)(1) does not provide MacGillivray a basis for relief from the Court's July 15, 2014 order based on its claim of mistake or inadvertence by the Debtor.  And, as discussed by the Eighth Circuit Bankruptcy Appellate Panel:

> Fed. R. Civ. P. 60(b)(3), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024, provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [...] fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." In *Greiner v. City of Champlin*, the Eighth Circuit discussed both Fed. R. Civ. P. 60(d)(3) and Fed. R. Civ. P. 60(b)(3):
>
> > **To prevail under Rule 60(b)(3), the movant must show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case.**  *See Atkinson v. Prudential Property Co.*, 43 F.3d 367, 372–73 (8th Cir.

>> 1994). [...] Here, as in *Atkinson*, the evidence that was allegedly withheld could not have helped the movant if it had been available at the time of trial. Therefore, its absence did not deprive the movant of a fair trial. *See Atkinson*, 43 F.3d at 373; *Watkins v. Schriver*, 52 F.3d 769, 772 (8th Cir. 1995).
>
> *Greiner*, at 789 (emphasis added). Proving fraud, misrepresentation or misconduct is not enough. "Under Rule 60(b)(3), [the appellant] was required to show that the appellees engaged in fraud or misrepresentation, *and* that it was prevented from fully and fairly litigating this case." *U. S. v. Metro. S. Louis Sewer Dist.*, 440 F.3d 930, 936 (8th Cir. 2006) (emphasis in original).

*Am. Nat'l Bank v. Babb (In re Babb)*, 440 B.R. 523, 525–26 (B.A.P. 8th Cir. 2010) (holding that the bankruptcy court did not abuse its discretion in denying debtor's motion for relief from judgment) (footnote omitted).

Here, as with MacGillivray's request sounding under Rule 60(b)(1), there is no basis to grant it relief from the Court's July 15, 2014 rejection order via Rule 60(b)(3) – based on the "misrepresentation" by the Debtor. Stated another way, MacGillivray cannot now argue that it was prevented from fully and fairly litigating the rejection date, which is at the very core of this matter. And no other subpart of Rule 60(b) – or Rule 60(a) – applies. For similar reasons, the Court also declines MacGillivray's invitation–in a footnote–to reconsider the rejection order under Rule 60(d)(1), which provides that "[t]his rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(d)(1).

MacGillivray filed a proof of claim in this case on September 15, 2014. *See* Claims Register, Claim No. 33-1. The amount claimed is $51,130.21, for "unpaid rent, taxes and utilities on commercial lease," and is broken down as follows: $35,276.26 (past due rent owing as of May 14, 2014, and interest thereon of $1,053.56); $15,380.63 (outstanding taxes as of May

14, 2014); and $473.32 for outstanding utilities as of April 30, 2014). *Id*. In referring to its claim, MacGillivray, in its supplemental brief, states, "MacGillivray Ranch agrees that it has not calculated damages based on the rental value for the remaining term, the remaining rent reserved under the lease, or the present value of the difference and does not seek to apply the cap imposed by 11 U.S.C. § 502(b)(6)(A)." ECF No. 21, p. 5. MacGillivray is correct – these are not the type of damages contemplated by the Code in determining a proper claim for pre-rejection damages of an unexpired contract. Neither is it a timely-filed administrative claim. Although the claim was timely in the sense that it was filed by the general claims bar date September 16, 2014, it was not timely per the Court's order of July 15, 2014. "**IT IS FURTHER ORDERED** that any and all claims of the Landlord against the Debtor relating to the rejection of the Lease shall be filed within thirty (30) days following the date of entry of this order[.]"[3] Order, ECF No. 89. The order was entered on July 15, 2014; accordingly, the bar date for MacGillivray was August 14, 2014.

Although not advanced by MacGillivray, its "Motion to Allow Administrative Claim and to Reset Effective Date of Rejection of Lease" was filed on August 12, 2014, two days before the expiration date set by the July 15, 2014 order. ECF No. 101. Might this motion be considered an "informal proof of claim?" For MacGillivray's motion to qualify as an informal proof of claim, it must: "state the nature and amount of the claim as well as indicate the claimant's intent to hold the debtor liable and pursue the claim." *Maynard Savings Bank v. Michels (In re Michels)*, 286 B.R. 684, 691 (B.A.P. 8th Cir. 2002). A review of the motion, however, shows no mention of

---

[3] The Court has the ability to set a different claims bar date for § 365(g) claims. *See* Fed. R. Bankr. P. 3002(c)(4) and Fed. R. Bankr. P. 3003(c)(3). *See also In re Montaldo Corp.*, 209 B.R. 40 (Bankr. M.D.N.C. 1997).

rejection damages, and no mention of any figures showing any calculations based on the "formula" for computation of pre-rejection damages for termination of a lease of real property under § 502(b)(6)(A). Therefore, MacGillivray's request to have any damages it sustained as a result of the Debtor's rejection of the lease be treated as an administrative claim must be disallowed.[4]

## Conclusion

The objection by the Debtor to MacGillivray's request for an administrative claim must be sustained. The Court's order of July 15, 2014 allowed the Debtor to reject the unexpired lease of nonresidential real property between it and MacGillivray Ranch, effective May 14, 2014, the petition date. The Court will not revisit the effective date of rejection. MacGillivray is not entitled to an administrative claim under § 503(b) for post-petition rents. Neither is it entitled to an administrative claim for any pre-petition contract damages.

Accordingly,

**IT IS ORDERED:**

1. The motion by MacGillivray Ranch, LLC to reset the rejection date of its lease, from May 14, 2014 to July 15, 2014, is **DENIED**.

2. The motion by MacGillivray Ranch, LLC for an administrative claim for post-petition rents and other assessments is **DENIED**.

---

[4] The issue of whether MacGillivray is entitled to a general unsecured claim for "[u]npaid rent, taxes and utilities on commercial lease[,]" see Claims Register, Claim No. 33-1, is not before the Court. The Debtor has not objected to MacGillivray's proof of claim. See Fed. R. Bankr. P. 3007.

3. The request by MacGillivray Ranch, LLC for allowance of any pre-petition contract damages as an administrative claim is **DENIED.**

                                              */e/ Michael E. Ridgway*
                                              Michael E. Ridgway
                                              United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *12/23/2014*
Lori Vosejpka, Clerk, by MJS